104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jose Migel CORONA-DIAZ, Defendant-Appellant.
 No. 89-1267.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Platt, J.).
 APPEARING FOR DEFENDANT-APPELLANT: PETER A. NORLING and CYRIL HYMAN, Assistant United States Attorneys, Eastern District of New York, Brooklyn, NY. ARZA RAYCHES FELDMAN (Feldman and Feldman, New York, NY).
 E.D.N.Y.
 AFFIRMED.
 Before VAN GRAAFEILAND, JACOBS and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Jose Migel Corona-Diaz pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(1). The district court accepted his plea and sentenced him to a 30-year term of imprisonment, to be followed by a lifetime of supervised release. Corona-Diaz appeals from this sentence on the ground that it violates the Eighth Amendment proscription against cruel and unusual punishment.
 
 
 4
 Background. On July 16, 1987, Corona-Diaz was charged with conspiracy to possess with intent to distribute heroin and with possession with intent to distribute heroin. These charges arose from the seizure of over seven kilograms of heroin from Corona-Diaz's home while he was being arrested on other charges.
 
 
 5
 On August 25, 1987, a prior felony offender information was filed pursuant to 21 U.S.C. § 851(a)(1), based upon Corona-Diaz's 1984 conviction in the New York Supreme Court for Criminal Possession of a Controlled Substance in the Fifth Degree. Under 21 U.S.C. § 841(b)(1)(A)(i), a prior drug felony conviction increases the mandatory minimum sentence from 10 years to 20 years.[1]
 
 
 6
 At the plea allocution on August 29, 1988, the government agreed that it would withdraw the prior felony information if Corona-Diaz cooperated with law enforcement efforts and the government was satisfied that he was being truthful. The government ultimately decided that Corona-Diaz's assistance was "insignificant" and to "no avail," and declined to withdraw the felony information. Corona-Diaz was therefore subject to a 20 year mandatory minimum sentence.
 
 
 7
 At sentencing, Corona-Diaz's counsel asserted that "the defendant was not the prime mover in this episode. He was just really [the] possessor, doing someone else a favor." Corona-Diaz himself stated that he was "very ashamed," and that he "fell into this crime." Noting both that Corona-Diaz had been on probation when he committed the offense and that the offense involved twelve pounds of heroin, the court proceeded to sentence Corona-Diaz to a term of thirty years imprisonment to be followed by lifetime supervised release.
 
 
 8
 After trial counsel failed to file a brief in Corona-Diaz's appeal, the appeal was dismissed as abandoned. Following a series of pro se motions, however, this Court ruled in a summary order on March 6, 1996 that Corona-Diaz should be assigned counsel to perfect his appeal. We therefore vacated the default and reinstated the appeal.
 
 
 9
 On appeal, Corona-Diaz contends that his sentence of a thirty-year term of incarceration was disproportionate to the offense, and thereby violates the Eighth Amendment proscription against cruel and unusual punishment. Because Corona-Diaz did not raise this claim in the court below, relief is precluded in the absence of plain error. See United States v. Sasso, 59 F.3d 341, 353 (2d Cir.1995).
 
 
 10
 Discussion. When we review a sentence imposed by the district court, our role is not to "substitute [our] judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment, [we] decide[ ] only whether the sentence under review is within constitutional limits." United States v. Valdez, 16 F.3d 1324, 1334 (2d Cir.) (quoting Solem v. Helm, 463 U.S. 277, 290 n. 16 (1983)), cert. denied, 115 S.Ct. 60 (1994). Consequently, "successful challenges to the constitutionality of particular sentences are extremely rare." Id.
 
 
 11
 The Eighth Amendment "condemns only punishment that shocks the collective conscience of society." United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir.), cert. denied, 502 U.S. 1014 (1991). We have examined 1) the gravity of the offense and the harshness of the penalty, 2) the sentences imposed on other criminals in the same jurisdiction, and 3) the sentences imposed for commission of the same crime in other jurisdictions, Solem v. Helm, 463 U.S. at 292, and we believe that this sentence is not constitutionally disproportionate to the crime Corona-Diaz committed.
 
 
 12
 The sentence was well within the mandated range for the crime committed, and does not exceed other sentences that have withstood Eighth Amendment challenge. See Harmelin v. Michigan, 501 U.S. 957, 996 (1991) (life without parole for possession of 472 grams of cocaine); Hutto v. Davis, 454 U.S. 370, 372-73 (1982) (per curiam) (forty-year sentence for possession with intent to distribute nine ounces of marijuana); Valdez, 16 F.3d at 1334 (life without parole for "merely middle-level drug dealers").
 
 
 13
 We therefore conclude that Corona-Diaz's sentence does not violate the Eighth Amendment.
 
 
 14
 For the reasons set forth above, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The acts giving rise to Corona-Diaz's plea occurred before the effective date of the United States Sentencing Guidelines. Consequently, the sentence is governed by pre-Guidelines principles